IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 76,839-01






EX PARTE SHERVIN J. LEWIS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 14524 IN THE 2ND DISTRICT COURT


FROM CHEROKEE COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
assault and sentenced to two years' imprisonment. He did not appeal his conviction. 

 Applicant contends that the Texas Department of Criminal Justice is calculating his sentence
to run consecutive to a different cause number than what is recited in the plea agreement and
judgment in this cause. Applicant has alleged facts that, if true, might entitle him to relief. In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact.

 The trial court shall order the Texas Department of Criminal Justice's Office of the General
Counsel to file an affidavit responding to Applicant's allegations, detailing any sentences Applicant
is currently serving, and explaining the Department's time calculations. The affidavit should state
whether the instant sentence is being calculated to run consecutive to a sentence other than that
recited in the judgment. If so, the Department shall explain its legal authority for such calculations.

 The trial court may also order depositions, interrogatories or a hearing. It appears that
Applicant is represented by counsel. If the trial court determines he is not represented by counsel and
elects to hold a hearing, it shall then determine whether Applicant is indigent. If Applicant is indigent
and wishes to be represented by counsel, the trial court shall appoint an attorney to represent
Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant's sentence in the instant
case is being calculated by TDCJ in accordance with the judgment. If the sentence is being calculated
based on any factors external to the judgment, the trial court's findings shall address the legal
authority, if any, for TDCJ's calculations. The trial court shall also make any other findings of fact
and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim
for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: March 7, 2012

Do not publish